(No. 11644.—Reversed and remanded.)
TALITHA H. KELLNER et al. Plaintiffs in Error, vs. EMMA FINKL et al. Defendants in Error.

*Opinion filed June 18, 1919.*

PARTITION—*pleas in abatement cannot be pleaded in a partition suit—costs.* Under section 21 of the Abatement act, prohibiting pleas in abatement in a partition suit, if two suits in partition are begun by different tenants in common in the same court one cannot be pleaded in abatement of the other, but the court may stay one suit or it may consolidate the suits, and the costs, including solicitor's fees, may be equitably apportioned among the parties in accordance with the statute.

THOMPSON, J., dissenting.

WRIT OF ERROR to the Second Branch Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. CHARLES M. FOELL, Judge, presiding.

VINCENT D. WYMAN, HARRY C. KINNE, and CHARLES E. CARPENTER, for plaintiff in error Talitha H. Kellner.

H. W. MASTERS, and EDGAR L. MASTERS, for defendant in error George L. Herbert.

O'DONNELL & O'DONNELL, for defendants in error George K. Schmidt and Charles J. Schmidt.

Mr. CHIEF JUSTICE DUNN delivered the opinion of the court:

Under the will of Kaspar G. Schmidt the title to certain real estate in Cook county vested in his fifteen grandchildren who were living on May 15, 1915, and early in the morning of that day a bill was filed in the superior court by the son of one of his daughters for the partition of the real estate, and an hour or two later another bill for the

same purpose was filed in the same court by the plaintiffs in error, who are the four children of another daughter. A writ of *certiorari* was allowed to bring before us the record of the Appellate Court, which affirmed a decree dismissing the second bill.

All the grandchildren were parties to both bills. Summons was served on some of the defendants in each case on May 15, and in the first case, which was No. 315,815, all were served in time for the June term. In the second case (No. 315,816) all were served by May 17, but George L. Herbert, who was the complainant in the first bill and a defendant in the second, was a resident of Michigan and was served there with a copy of the bill, so that the service was to the July term, since the June term began in less than thirty days after May 17. All of the defendants in No. 315,816 filed pleas, which, in substance, averred the filing of the bill in No. 315,815, praying the same relief in regard to the same subject matter to which the parties were the same as in No. 315,816. The pleas further averred that the said bill was still pending and undetermined, and demanded the judgment of the court whether the defendants ought to be compelled to make any answer to the bill in No. 315,816. The plaintiffs in error moved to strike the pleas from the files, and the motion was overruled. They moved to set down the pleas, except that of George L. Herbert, for hearing as a matter of fact. The motion was denied and the court ordered the pleas set down for argument, and upon such argument ordered the pleas allowed and dismissed the bill.

Section 21 of the Abatement act provides that no plea in abatement shall be received in any suit for partition, nor shall such suit abate by the death of any tenant. It was said in *Hopkins* v. *Medley,* 97 Ill. 402, with reference to this section, that it is almost a literal copy of section 3 of chapter 31 of 8 and 9 William III; that in construing this section of the English statute it is uniformly held that no

plea in abatement is admissible in partition proceedings, and that in adopting it the legislature must be presumed to have intended to adopt it with the construction already given it by the English courts. It was further said that the language of the section is clear and unequivocal, and it is difficult to see how any other construction could have been placed upon it, and a plea in abatement in a partition suit for want of parties was held properly stricken from the files. A prior suit in equity pending may, in general, be pleaded to the prosecution of a subsequent suit between the same parties upon the same equity, but since the statute prohibits pleas in abatement in a partition suit, the motion of the plaintiffs in error to strike the pleas should have been sustained.

Any tenant in common may maintain a suit for partition in any court of competent jurisdiction. If two or more suits are begun by different tenants in common in the same court one cannot be pleaded in abatement of the others. Two decrees in partition will not be entered but the court may control the suits by consolidating them and staying proceedings in one or more of the causes, and thereby grant the relief sought promptly, without delaying any party in the prosecution of his rights. On the final hearing the costs, including the solicitor's fee, may be apportioned among the parties in interest, so that each shall pay only his or her equitable portion thereof in accordance with the statute. The party or parties filing the first bill will be entitled to have the solicitor's fee taxed to pay his or their solicitor, provided his or their suit be properly prosecuted and no proper defense be made to the same. On such final hearing any subsequent bill or bills may be dismissed at the costs of the parties filing the same, if no good reason for the filing of the same shall appear. In this case the two suits were pending in the same court, and an order should have been made for their consolidation and disposition as here suggested.

The judgment of the Appellate Court and the decree of the superior court will be reversed and the cause will be remanded to the latter court, with directions to strike the pleas from the files.

*Reversed and remanded, with directions.*

Mr. JUSTICE THOMPSON, dissenting.