(No. 16076.—Decree affirmed.)

THE MAUVAISTERRE DRAINAGE AND LEVEE DISTRICT *vs.* JOHN FRANK *et al.*—(ALBERT A. CURRY, Plaintiff in Error, *vs.* MANUEL DARUSH, Defendant in Error.)

*Opinion filed October 28, 1924.*

1. REAL PROPERTY—*a purchaser is charged with notice of possessor's rights.* One purchasing real estate in possession of another does so with notice of every fact that can be learned by inquiry on the premises as to the nature of such possessor's rights.

2. EVIDENCE—*an unsworn bill has but little weight as evidence in another suit.* Statements in an unsworn bill in chancery, signed merely by counsel, have but little weight when admitted as evidence in another suit.

3. REDEMPTION—*when failure to record certificate of redemption does not defeat owner's right as against creditor.* Where land has been sold for delinquent drainage assessments, and the owner's successor in title, within the time for an owner's redemption, has negotiated a settlement with the drainage commissioners and obtained an assignment of the certificate of purchase, failure to record a certificate of redemption, as provided in section 19 of the statute on judgments, will not defeat the right of the owner as against a judgment creditor seeking to redeem, who is charged with notice of the owner's possession.

4. DEEDS—*when second grantee does not obtain superior rights by recording deed.* Where the grantee in a deed takes open and notorious possession of the land purchased by him, a second grantee from the same grantor does not obtain superior rights by the fact that he records his deed.

WRIT OF ERROR to the Circuit Court of Morgan county; the Hon. E. S. SMITH, Judge, presiding.

JOHN J. REEVE, for plaintiff in error.

BROWN, HAY & STEPHENS, for defendant in error.

Mr. JUSTICE STONE delivered the opinion of the court:

Plaintiff in error, Albert A. Curry, seeks to reverse the decree of the circuit court of Morgan county entered on a cross-bill of the defendant in error, Manuel Darush, pray-

ing that a certain proceeding for the redemption of the property involved in this case, from a judgment theretofore entered against it, and sale thereof, be set aside as a cloud upon the cross-complainant's title. The cross-bill was filed to a petition for writ of possession filed by plaintiff in error, seeking possession under a sheriff's deed executed and delivered to him. Whether or not a cross-bill to such a petition may properly be filed is not urged here.

The record contains little dispute as to the facts. The undisputed facts are as follows: John Frank owned the land in controversy here, which is situated in the Mauvaisterre Drainage and Levee District. He failed to pay certain drainage assessments, and on October 30, 1917, a bill was filed against him in the circuit court of Morgan county by the drainage commissioners to foreclose their lien on the land for such assessments. The matter remained pending for about four and one-half years. On March 11, 1922, a decree of foreclosure was entered in the usual form, providing for the redemption by the owner within twelve months and by judgment creditors within fifteen months from the date of sale by the master. The amount of the drainage assessments and costs found due was $2225.54. Pursuant to this decree a sale was had on April 21, 1922, and a certificate of purchase was issued to the drainage commissioners as purchasers and was recorded. On April 5, 1921, prior to the decree of foreclosure, Frank and his wife conveyed the land by warranty deed to William W. Moore. The deed was duly recorded. On February 13, 1923, following the decree of foreclosure and sale, Moore and his wife conveyed this property by warranty deed to the defendant in error, Darush, for a consideration of $6000, which the evidence shows was paid one-half in cash and the other half by mortgage. This deed to Darush was filed in the recorder's office on March 3, 1923, and Darush went into possession of the property on March 4, 1923, as owner of the land. He employed a number of men to clear up cer-

tain stump patches in it and to prepare it for cultivation, expending the sum of approximately $1500 to improve it and later in the spring planted grain upon it. At the time Darush purchased this land from Moore the certificate of sale under the foreclosure decree for drainage assessments was still outstanding in the hands of the drainage commissioners. Darush, who was not acquainted with Moore, was told by Frank, the former owner of the land, that he wished to sell the land for Moore. Darush testified, and it is not disputed, that he agreed to buy the land if he could get it free from all liens and claims and have the absolute fee simple title. It appears that therefore negotiations were taken up with the drainage commissioners pursuant to the matter of satisfying the judgment lien. On February 17, 1923, Frank, acting for the parties to the purchase of the land, offered the commissioners $1300 in full satisfaction of the judgment and interest, and the commissioners declined to settle on that basis. On March 10, 1923, the commissioners met with Frank, who was acting for Darush and Moore, and the drainage record of that date shows that they agreed "to accept in full settlement for his account an equal split between $1300 previously offered and the present amount due, including all costs." Their record also shows that Frank asked for a little time before he could give an answer to their proposal, and that the commissioners agreed thereto. The commissioners' record of March 17, 1923, shows final agreement reached and settlement made at that time. It shows the meeting of the commissioners, and that they "made a final settlement of the Frank assessment and judgment as per the offer of the commissioners the preceding week. A check for $1762.77 was received and the matter considered closed." The evidence also shows that on the date of settlement there was given to Darush the certificate of sale held by the commissioners, on which they had indorsed an assignment of the same to Darush under date of March 10, 1923, and that on the

313—28

8th day of June following, the assignment of the certificate was recorded in the recorder's office. On November 14, 1922, following the sale of this property for drainage assessments, plaintiff in error, Curry, secured a judgment under a deficiency decree against Frank on the foreclosure of a mortgage on other property and placed the same in the hands of the sheriff of the county to execute. The sheriff made levy upon the lands in question on April 24, 1923, after the year in which an owner might redeem had passed, and Curry delivered to the sheriff his check in the sum of $2236.43, said sum being eighty cents less than the amount necessary to make such redemption. The sheriff issued a certificate of redemption, which was recorded on April 26, 1923, and on June 8 following, by virtue of the execution of Curry's judgment, sold the premises to him, thereafter issuing a certificate of sale to him, which was recorded on June 18, 1923. On August 8, 1923, the sheriff executed and delivered to Curry a deed, which was recorded on August 14 following and is the deed which is sought to be set aside by the cross-bill of Darush.

Two principal questions are involved in the case. One is whether Darush, as owner, redeemed the land from the judgment within the twelve months allowed by the statute, under the facts as here detailed; and the second is, if he did not redeem, whether Curry was a judgment creditor entitled to redeem after the expiration of the twelve months following the judgment sale.

Whether or not the second question is of importance depends upon whether Darush redeemed the property from the judgment for drainage assessments. It will be conceded that if the transactions that took place amounted to a redemption plaintiff in error is without remedy. It is not contended that this redemption, if it was such, was not completed within the time required, but it is contended that the evidence shows that Darush merely took an assignment of the certificate of sale and did not redeem the land; that

he did not comply with the statute pertaining to redemption; that this being so, the certificate of redemption did not become null and void, and that after the expiration of twelve months, plaintiff in error, who was a judgment creditor, had a right to redeem and re-sell the property.

Section 18 of the statute on judgments, decrees and executions (Smith's Stat. 1923, p. 1233,) provides: "Any defendant, his heirs, administrators, assigns, or any person interested in the premises, through or under the defendant, may, within twelve months from said sale, redeem the real estate so sold by paying to the purchaser thereof, his executors, administrators or assigns, or to the sheriff or master in chancery, or other officer who sold the same, or his successor in office, for the benefit of such purchaser, his executors, administrators, or assigns, the sum of money for which the premises were sold or bid off, with interest thereon at the rate of six percentum per annum from the time of such sale, whereupon such sale and certificate shall be null and void." It is conceded that defendant in error, as owner, had the right to redeem during the period of twelve months.

Section 19 of the statute on judgments provides as follows: "In all cases of redemption of land from sale had under any execution, judgment, order or decree, it shall be the duty of the purchaser, sheriff, master in chancery or other officer or person from whom said redemption takes place, to make out an instrument in writing, under his hand and seal, evidencing said redemption, which shall be recorded in the recorder's office of the proper county, in like manner as other writings affecting the title to real estate are filed and recorded, which recording shall be paid for by the party redeeming."

It appears that the drainage commissioners, when paid the amount which they agreed to take in settlement of the judgment, did not make out the instrument in writing provided for in section 19 and no such instrument was re-

corded. Nevertheless, Darush, as we have seen, went into possession of the premises, occupied them the same as owner, and was so in possession when the plaintiff in error attempted to redeem as a judgment creditor of Frank, and the question arises whether or not the failure to make out an instrument of redemption and record the same as provided by section 19, together with a statement on the back of the certificate of purchase that it was assigned to Darush, and the recording thereof, should in equity entitle Curry to redeem. As we have seen, Darush stipulated from the start that the land must come to him free and clear of incumbrance. The drainage record shows that the transaction was a settlement,—not for the full amount but on a compromise of all claims against the land. It cannot be doubted that it was intended in good faith to redeem this land within the statutory twelve months. The greater weight of the evidence shows an attempt in good faith to make a redemption. Darush was in the actual and open possession and occupation of the land before plaintiff in error attempted to redeem. Plaintiff in error was therefore chargeable with notice of all of defendant in error's rights and claims, and upon inquiry could have learned of the transactions that had taken place. The rule is, that one dealing with real estate in possession of another does so with notice of every fact that can be learned by inquiry on the premises as to the nature of such possessor's rights. (*Casper Nat. Bank* v. *Jenner,* 268 Ill. 142; *Merchants' and Farmers' State Bank* v. *Dawdy,* 230 id. 199; *Morrison* v. *Morrison,* 140 id. 560; *Maghee* v. *Robinson,* 98 id. 458.) It was held in *Keller* v. *Coman,* 162 Ill. 117, that while the assignment of a certificate of sale does not of itself operate as a redemption, yet where the owner of the fee in possession took an assignment of a master's certificate of purchase for the purpose of satisfying a prior decree of sale, the prior owner, with knowledge of such facts, cannot redeem as a creditor.

Counsel for plaintiff in error insists that the assignment noted on the back of the certificate of sale, together with the fact that counsel for Darush, in a later bill filed in the circuit court, described the proceedings with the commissioners as an assignment, shows that it was, in fact, an assignment of the certificate of sale and not a redemption. We do not agree that the evidence so shows, but are of the view that it shows a *bona fide* attempt to effect a redemption. The rule is that statements in an unsworn bill in chancery, which are signed merely by counsel, are but feeble evidence if admissible in another suit.  *Schmisseur* v. *Beatrie,* 147 Ill. 210; *Miller* v. *Chrisman,* 25 id. 242; 14 A. L. R. 22.

Counsel for plaintiff in error also contends that the issuance and recording of a certificate of redemption is absolutely necessary under the statute.  We cannot agree with this contention in a case such as this, where the actual facts show clearly that a redemption in good faith was made and the owner is in open possession.  Courts of equity will not do inequity by requiring the owner in such a situation to lose his land because the purchaser of the certificate of sale does not file and record a certificate of redemption, where, as here, the judgment creditor seeking to redeem is chargeable with notice of the claims of the owner by the latter's possession.  It has been held where the grantee in a deed takes open and notorious possession of the land purchased by him, a subsequent grantee from his grantor, who has recorded his deed, does not have superior rights.  (*Morrison* v. *Morrison, supra; Maghee* v. *Robinson, supra.*)  That rule should apply here.  The rights of a judgment creditor cannot be said to be more jealously guarded.  The purpose of recording an instrument of redemption is to give notice that redemption has been made.  In this case, so far as a judgment creditor is concerned, notice was given by actual, open and notorious possession of the land by Darush under claim of ownership.  We are of the opinion, therefore, under the circumstances of this case, Darush redeemed the

land within the statutory period of twelve months and that Curry therefore had no right of redemption as a judgment creditor, and the proceedings had under his attempt to do so were null and void and constitute a cloud upon Darush's title. This being true, it does not become necessary to consider other points in the case, as this is determinative of the issue involved.

The chancellor did not err in removing Curry's deed as a cloud upon Darush's title, and the decree is therefore affirmed.

*Decree affirmed.*