(No. 15858.—Decree affirmed.)
LULA F. BRILL et al. Appellants, vs. CHARLES GREEN et al.
Appellees.

*Opinion filed April 24, 1925.*

1. WILLS—*intention as expressed in will should be given effect, if possible.* As the statute gives every adult person the right to dispose of his property by will as he may see fit, the intention expressed in the will must be ascertained and must be given effect unless it is contrary to some rule of law or public policy.

2. SAME—*when will must be construed as giving widow of deceased devisee her statutory interest.* Where a testatrix gives all her property to her children, with the provision that the share of any child who may "be now dead" or should die before the testatrix shall be given "to his or her executors or administrators, to be applied as if the same had formed a part of the estate of such legatee or legatees at his or her death," the widow of a child who died before the will was made will take under the will whatever interest the statute gives her as a widow, and to take such interest the widow does not have to renounce her deceased husband's will.

3. SAME—*when Statute of Uses executes trust for remainder-men.* Where a testatrix gives all her property, both real and personal, to her children, with a provision that if any of the children "be now dead or die" before the testatrix the share intended for such child shall go "to his or her executors or administrators, to be applied as if the same had formed a part of the estate" of such child, the devise over applies to the real estate, and the Statute of Uses will execute the trust imposed by such devise in favor of the children of a deceased child.

4. PARTITION—*who are necessary parties to a bill.* The statute requires that every person having any interest in lands, whether in possession or otherwise, who is not a petitioner or complainant, shall be made a defendant to a bill for partition; and the bill must set forth the interests of all the parties so far as known, including tenants for years, for life, by curtesy or in dower.

5. SAME—*when a decree may be entered on cross-bill—parties.* Where a bill for partition fails to make a necessary party a defendant or complainant, but others who are made defendants file a cross-bill correctly setting forth the interests of the parties and making the omitted party a defendant thereto, the original bill may be dismissed and a decree entered on the cross-bill if the evidence so warrants.

Appeal from the Circuit Court of Iroquois county; the Hon. Frank L. Hooper, Judge, presiding.

Isaac A. Love, and Reuben B. Kilgore, for appellants.

Ray & Young, and James H. Dyer, for appellees.

Mr. Chief Justice Duncan delivered the opinion of the court:

Josephine Green died testate January 18, 1923, leaving her surviving as her only heirs-at-law, May G. Wilber, Charley Green, Ellen Yeazel and Eva F. Matthews, her children, and Lula F. Brill, Bertha I. Armes, Effie J. Madsen and Clarence E. Green, her grandchildren, who are the children and heirs of Maurice L. Green, her son who died testate January 19, 1922. The testatrix was the owner of about 154 acres of land in Iroquois county and other lands in Vermilion county and about $30,000 in personal property above her debts and liabilities. Walter Kelley was a tenant in possession of the land in Iroquois county at the time this suit was begun. Mabel E. Goodwin obtained a judgment against Ellen Yeazel and others May 7, 1921, in the circuit court of Vermilion county for $3342 and costs amounting to $5, and sold the same to C. D. Williams. On March 30, 1923, a duly certified transcript of the judgment was filed in the circuit court of Iroquois county, and the judgment is a lien against the interest of Ellen Yeazel in the 154-acre tract. The testatrix executed her will May 18, 1922, in which she named Eva F. Matthews as executrix, and by which, after making a bequest of $500 to a cemetery association, she disposed of her property as follows:

"*Third*—After the payment of my just debts, funeral expenses, costs of administration and the foregoing bequest, I give, devise and bequeath to my beloved children, Mrs. Ellen Yeazel, Mrs. May G. Wilber, Maurice L. Green, Char-

ley Green and Mrs. Eva F. Matthews, share and share equally, all the real and personal property, of every kind and nature, of which I may die seized or entitled, to them and their heirs in fee simple. And if any of my said named children be now dead or die before me, I give the legacy or share intended for him or her to his or her executors or administrators, to be applied as if the same had formed a part of the estate of such legatee or legatees at his or her death.

*"Fourth*—I hereby expressly and wish it understood that all money loaned, advanced or settled by me during my lifetime to or for the benefit of any child or grandchild of mine, or to the widow or husband of a deceased child, or to the administrator of a deceased child, shall be reckoned as if the same were a part of my residuary estate and as a satisfaction to that extent of the portion or portions hereby given to such child or his or her heirs."

The grandchildren of the testatrix filed their bill in the circuit court of Iroquois county for the partition of the lands situated in that county and alleged the facts above stated. They made parties defendant to the bill the children of the testatrix, Walter Kelley, the tenant, and Carroll D. Williams, the owner of the judgment aforesaid. The bill alleged that the complainants, the grandchildren, and the children of the testatrix, are seized in fee simple of said premises as tenants in common, and that the complainants are each seized of an undivided one-twentieth part thereof and the children of the testatrix are each seized of and entitled to an undivided one-fifth thereof, the share of Ellen Yeazel being subject to the lien of the judgment; that the parties take title to the lands under the Statute of Descent and not under the will, and they prayed for partition and division of the premises accordingly. The children of the testatrix, and Eva F. Matthews, as executrix of her last will and testament, filed their answer to the bill, admitting the facts stated therein, and in addition thereto stated that

Maurice L. Green also left surviving him Lida A. Green, his widow, and stated that she was entitled to a dower in the undivided one-fifth of the land owned by the complainants and asked for a construction of the will. They also filed their cross-bill, in which they alleged the same facts set up in their answer, and the further facts that Maurice made and executed his will, in which he named his sister, Eva F. Matthews, executrix and trustee; that both the will of Josephine and the will of Maurice were duly probated in the probate court of Vermilion county, where they resided at the time of their death, and that Eva F. Matthews duly qualified as executrix of the will of Josephine and as ·executrix and trustee of the will of Maurice. They made defendants to the cross-bill the complainants in the original bill and Lida A. Green, Walter Kelley and Carroll D. Williams, and further alleged that the interests of the parties were the same as set forth in the original bill, except that Lida A. Green was entitled to a dower interest, as widow of Maurice, in the undivided one-fifth part of the premises owned by the complainants in the original bill, and that all the parties took title to the lands under the will of Josephine and not by descent. The court overruled a motion to dismiss the cross-bill, and the complainants in the original bill filed their answer to the cross-bill, denying that Lida A. Green, widow, and Eva F. Matthews, trustee and executrix under the will of Maurice L. Green, had any right whatever in the land. A replication was filed to the answer. The court heard evidence and found the interests of the respective parties as set forth in the cross-bill, dismissed the original bill for want of equity, and decreed partition and the assignment of dower to Lida A. Green according to the averments of the cross-bill. From that decree this appeal is prosecuted by the complainants in the original bill.

The only question presented to the chancellor for adjudication, and the only one in this court, is whether or not the widow of Maurice L. Green was entitled to dower

in the estate devised to her husband, who died four months before the will of Josephine was executed and one year before she died. No question concerning the personal estate is in any manner involved and none of the provisions of the will of Maurice are material to this inquiry, although by his will he devised to his wife in fee a lot situated in Rossville, in Vermilion county, and gave and bequeathed to his executrix in trust all rents, profits and emoluments from his share or interest in the estate of his mother, Josephine, and expressly directed his executrix to pay his wife, Lida, after deduction of reasonable expenses, all profits, earnings and returns from the trust estate during the natural life of his wife and at her death to distribute the residue of the trust estate in equal parts to his children. He had no vested or other interest in his mother's estate at the time of his death, and therefore his will was ineffectual to dispose of any property owned by his mother.

Our statute gives to every person having statutory qualifications the absolute right to dispose of his property by will as he may see fit to do. The cardinal rule in the construction of wills is to ascertain the intent of the testator expressed in his will and to give it effect unless he has attempted to dispose of his property contrary to some rule of law or public policy. The rule in the construction of wills to which all others must yield, is that the intention of the testator expressed in his will shall prevail if consistent with rules of law. (*Blinn* v. *Gillett,* 208 Ill. 473; *Black* v. *Jones,* 264 id. 548.) The intention of Josephine Green is plainly expressed by the language of her will. The devise to her son Maurice was of an estate of inheritance, with the provision that if he be then dead or die before her she gave by her will the share intended for him to his executors or administrators, to be applied by them the same as if the share had formed a part of his estate at his death. Maurice took nothing by her will. While she did not designate the names of the parties to take the share intended for her

deceased son she furnished the means or information by which those parties may be ascertained, and the parties are those who would take the share under our statutes had Maurice owned it at the time of his death. Those parties, under our Statute of Descent and the Dower act, are his widow, who takes a one-third interest in the lands of which he died seized, and his four children, who take by descent the lands, subject to such dower. His widow, Lida, therefore takes a one-third interest for life in the share of the tract of land intended for Maurice, and his four children the remainder subject to her life interest. Her interest in this land cannot be properly termed a dower interest because she does not take her share, under the statute, out of lands of which her husband died seized, but she takes it under the will of Josephine as a life estate, simply, and it is not the same estate as that which would have passed by descent from her husband. The parties therefore took under the will, and the widow did not have to renounce the provisions of her husband's will before she could take her life estate under the will of Josephine. *Richardson* v. *Trubey,* 240 Ill. 476.

It is contended by appellants that as Lida A. Green accepted the provisions made by the will of her deceased husband she could not also take a dower interest in his lands because she did not make her election to renounce the benefit of the devise under her husband's will in accordance with section 10 of the Dower act. That contention is correct, but their further contention that for that reason she cannot take any interest under the will of Josephine is unsound, for the reason that in construing that will we must construe it according to the intent therein expressed. It would be a very unnatural construction to place upon the will of Josephine to hold that she intended that Lida could not take under her will unless her son Maurice died intestate or unless his widow renounced the provisions made for her by his will. As already stated, Maurice had been

dead four months before Josephine's will was executed. She could not know at the time she executed the will when she would die. She could not even herself know that she would not change her will before she died, and most certainly the widow, Lida, could not know that the testatrix would not change her will. There is no evidence in this record that Lida knew anything about the provisions of Josephine's will at the death of the testatrix or at any time previous to the bringing of this suit, which was more than a year after Maurice died. The testatrix therefore had no reason to suppose that Lida would release the provisions of her husband's will in order that she might take under the will of Josephine. The testatrix might live five or ten years after the execution of her will and until after the estate of Maurice was entirely wound up by administration and change her will before she died. We therefore hold that such a construction is unreasonable in view of the facts in the record, and we would not be warranted in construing the will of Josephine as appellants ask us to construe it unless that will had specifically provided that Lida must renounce the benefit of her husband's will if she took under Josephine's will. The only real estate devised by Maurice to his widow was the lot in Rossville, and the only other property that he undertook to devise or bequeath by his will was his share in his mother's estate, which cannot pass by his will. There is no evidence in the record that he owned any other property except that described in his will. There is absolutely no reason discoverable from the record for an election by Lida to relinquish the land or lot willed to her by her deceased husband.

It is a rule sometimes recognized by this court, that one asking for partition between himself and co-tenants, only, need not make adverse claimants parties to the suit, (*Gage v. Lee,* 309 Ill. 614,) but that rule is not applicable in this case. The statute requires that every person having any interest in lands, whether in possession or otherwise, who

is not a petitioner, shall be made a defendant, and the bill must set forth the interests of all the parties so far as the same are known, including tenants for years, for life, by curtesy or in dower. Appellants did not make parties to the bill Lida A. Green and Eva F. Matthews, executrix and trustee under the will of Maurice L. Green. The case could not be disposed of without determining their rights. (*Wachter* v. *Doerr,* 210 Ill. 242; *Wilson* v. *Wilson,* 257 id. 296.) The rights of all the parties in respect to the subject matter involved in the original bill could not be determined without a cross-bill. (*Longshore* v. *Longshore,* 200 Ill. 470; *Hurlbut* v. *Talbot,* 273 id. 299.) The cross-bill contained all necessary averments and parties thereto. The court properly dismissed the original bill and entered a decree on the cross-bill as prayed. The interest which the widow takes by the will of Josephine is not a dower interest in the legal sense as defined by the statute, but is simply a one-third interest for life in the share intended for her husband. It is immaterial that the court called it a dower interest, as the decree gives to the widow her proper interest in the land. The provision of the will giving the share of the estate devised to Maurice to his executors or administrators applies to the real estate aforesaid. The Statute of Uses has executed the trust imposed by this devise and the legal title is in the beneficiaries, as the trust was simply a dry or passive trust, with no duties to perform by the trustees except to turn the property over to the *cestui que trust.* *Witham* v. *Brooner,* 63 Ill. 344; *Newcomb* v. *Masters,* 287 id. 26.

The decree of the circuit court is affirmed.

*Decree affirmed.*