(No. 22104.—

Margaret Winemiller *et al.* Appellants, *vs.* John Moss-
berger, Appellee.

*Opinion filed December 22, 1933—Rehearing denied Feb. 13, 1934.*

IVAN J. HUTCHENS, and F. R. WILEY, for appellants.

HUBERT H. EDWARDS, and MONROE & MANN, for appellee.

Mr. JUSTICE HERRICK delivered the opinion of the court:

This is an appeal prosecuted from a decree of the circuit court of Macon county dismissing an original amended bill as amended for partition, dismissing another original bill for partition designated as cause No. 34155, and awarding a decree for partition under the amended and supplemental cross-bill as amended. The principal question at issue is the ruling of the trial court on the pleadings.

Robert R. Montgomery, a resident of Decatur, died on the 6th day of March, 1930, testate. His last will and testament was duly proved, admitted to probate and filed for record in the probate court of Macon county. By his will he appointed his two sons, R. DuFay Montgomery and Richard Jay Montgomery, executors and trustees. They duly qualified as executors. He directed that his estate should be kept intact by his executors during the life of his wife, Evelyn B. Montgomery, and not spent or disposed of during her lifetime. He gave one-third of the income from his property to his wife and the remaining two-thirds to his four children, Lola A. Perry, R. DuFay Montgomery, Richard Jay Montgomery and Cora Mae Black, or their issue, in case any of them should die leaving issue surviving, such issue to take *per stirpes*. In case of the death of any of the children without leaving issue him or her surviving and living to receive such income, then the surviving children or their respective issue should receive the share of the income that would have gone to the deceased child had he or she lived. Clause 6 of the will provided that at the death of the wife the estate should be divided equally amongst the four children if they then be alive. If any be dead leaving issue, such issue should take

the share that the deceased child would have taken if living. If any of the children should then be dead leaving no issue, then the share which such deceased child would have taken if living would go to the surviving children then living or their issue. The widow is still living. Two of the children have issue; the other two have not.

At the time of his death Robert R. Montgomery had, amongst other real estate, an undivided interest in three tracts of land which we designate herein as follows: Tract 1, an undivided five-sevenths, tract 2, an undivided one-sixth, and tract 3, an undivided one-third. Frank R. Shull owned an undivided two-sevenths interest in tract 1, an undivided five-sixths interest in tract 2, and an undivided one-third interest in tract 3. Lillian B. Skinner owned the remaining one-third interest in tract 3. Shull died intestate, a resident of Macon county, on the 6th day of November, 1930. He left no widow but left surviving him as his next of kin and heirs-at-law fourteen first cousins. Included amongst the fourteen first cousins were the four children of Robert R. Montgomery. The Millikin Trust Company was appointed administrator of the estate of Shull by the probate court of Macon county on December 4, 1930. Later, on the 21st day of January, 1931, the letters of administration issued to the Millikin Trust Company on the Shull estate were revoked and R. DuFay Montgomery and John Mossberger were appointed as administrators and qualified as such.

The pleadings are quite extensive, and we deem it proper to state the course traveled by the pleadings on their march to a final decree.

On the 12th day of December, 1930, Robert Jay Montgomery and R. DuFay Montgomery, personally and as trustees and executors of the last will of Robert R. Montgomery, and his other two children, Lola Perry and Cora Mae Black, together with the widow, filed their bill for partition praying for the partition of the three tracts of

land above mentioned, making defendants to the bill Lillian Skinner, thirteen of the heirs-at-law of Frank R. Shull, and the tenants in possession of the various properties, together with the two children of Richard Jay Montgomery and the four children of Cora Mae Black, alleging that such grandchildren of Robert R. Montgomery had contingent interests in the premises and that they were severally minors. The bill for partition failed to make defendant, as an heir-at-law of Shull, a first cousin, Mary E. Shaw. One of the tracts of land was not properly described. The interest of each of the Shull heirs was described in tract 1 as an undivided five-seventy-eighths interest instead of a two-ninety-eighths interest, and in tract 2 as an undivided one-thirty-ninth interest instead of a five-eighty-fourths interest. This difference in the rights of the Shull heirs in the property was apparently occasioned by reason of computing the interests upon the basis that there were thirteen first cousins instead of fourteen, as it was subsequently developed. The bill did not make the administrator of the Shull estate a defendant.

On the 12th day of January, 1931, John Mossberger, the appellee herein, filed his answer to the bill, in which he, amongst other things, alleged that the heirship of Frank R. Shull was not correctly set forth, denied that the interests of the parties in the premises were as set forth in the bill, and denied that the complainants were entitled to partition by that bill. The same day Mossberger filed his answer he filed his cross-bill for partition. The cross-bill contained the usual proper averments and prayer for partition, setting forth the death, and the date thereof, of Robert R. Montgomery, the provisions of his will, the death, and the date of death, of Shull, the appointment of the executors of the last will of Montgomery, correctly described the three tracts of land, averred that the personal property of Montgomery as well as the personal property of Shull was more than sufficient to satisfy the respective

indebtedness of the respective estates, and made defendants to the cross-bill all of the heirs-at-law of Shull, the widow and children and the executors and trustees of Montgomery, the six grandchildren hereinabove referred to of Montgomery, the Millikin Trust Company of Decatur, as administrator of the estate of Shull, and prayed for a guardian *ad litem* for the minor defendants and the appointment of some competent and disinterested person as trustee of the interest of any person or persons not in being who might thereafter claim a future interest in the subject matter of the suit, and for general relief. Summons was issued as to Mary E. Shaw and the Millikin Trust Company and service duly had upon them.

On the second day of April, 1931, the complainants in the original bill filed their amended original bill, in which all the real estate was correctly described, and Mary E. Shaw was made defendant. The administrators of the Shull estate were not made defendants. A receiver was appointed at the May term, 1931, of the real estate which was the subject matter of the litigation. On the 5th day of December, 1932, the answer of Mossberger to the original bill was ordered to stand as his answer to the amended original bill. Subsequently, on the 7th day of December, 1932, Mossberger filed his amended and supplemental cross-bill in the cause, praying for the same relief as originally prayed, and alleging that R. DuFay Montgomery, who was a minor at the time of the filing of the original bill and cross-bill, had since attained his majority; alleging the removal of the Millikin Trust Company as administrator of the Shull estate and the appointment of other administrators; averring that the Shull estate had been fully administered and all obligations thereof paid; showing change in tenancies of some of the properties since the filing of the cross-bill and making the new tenants defendants, and asking for an accounting of the receiver appointed in said cause.

On the 20th day of February, 1933, the appellants and some of the other parties interested in the litigation filed their demurrers to both the amended bill and the amended and supplemental cross-bill. Amongst the special grounds of demurrer urged to the amended and supplemental cross-bill were, that it sought to obtain the same relief and was identical in purpose and design as the original amended bill. The demurrer of the appellants to the original amended bill, amongst other things, alleged that the complainants could not ask for partition except in violation of the terms of the last will and testament of Robert R. Montgomery, from whom they claim title; that the complainants by such bill did not show in themselves such title as entitled them to have partition, and that they were not entitled to partition until after the death of Evelyn B. Montgomery. Thereafter, on the 21st day of February, 1933, the amended original bill and the amended cross-bill were each amended by striking therefrom tract 3, and dismissing both the original amended bill and the amended and supplemental cross-bill as to Lillian B. Skinner and L. W. Applequist. Applequist was a tenant of tract 3.

On the 21st day of February, 1933, the appellants herein, together with two other co-complainants not heirs of the deceased, Montgomery, filed their bill for partition, which cause is designated in the record as No. 34155. On the 25th day of February, 1933, a rule was entered on all parties defendant in the original amended bill as amended and the amended cross-bill and supplemental cross-bill as amended, to answer the same. An order was thereafter entered extending the demurrers, which were both general and special, of the appellants to the original amended bill as amended and the amended cross-bill and supplemental cross-bill as amended. On the 14th day of March, 1933, the demurrers to the amended original bill as amended and to the amended and supplemental cross-bill as amended were severally overruled. On the 7th day of April, 1933, all of

the appellants herein, excepting Mary E. Shaw, elected to and did abide by their demurrers to the amended original bill as amended and to the amended and supplemental cross-bill as amended and declined to plead further as to either bill. On the same day the answer of Mary E. Shaw to the amended original bill as amended and to the amended and supplemental cross-bill as amended, and the answer of Mossberger to the amended original bill as amended, were each filed. The answer of Mossberger admitted substantially all of the allegations of the amended original bill as amended but averred that under the terms of the will of Robert R. Montgomery the complainants were not entitled to partition of the premises as prayed in the amended bill as amended, and charged that by the terms of such will they could not have partition until after the death of Evelyn B. Montgomery, widow of Robert R. Montgomery. On the 8th day of April, 1933, the answer of Lee Boland, as guardian *ad litem* for certain minor defendants, was filed to the original amended bill as amended, and a separate answer was filed by him on the same day to the amended and supplemental cross-bill as amended. On the same day Boland, as trustee for persons not in being, filed his answer to the amended and supplemental cross-bill as amended, and a separate answer, in the same capacity, to the amended original bill as amended. On the 11th day of April, 1933, the complainants in the original bill, being the same persons who were complainants in the original amended bill as amended, filed their answer to the amended and supplemental cross-bill as amended, admitted the material allegations of the amended and supplemental cross-bill as amended, and that the cross-complainant was entitled to the relief prayed.

On the 14th day of April, 1933, all parties not answering the original amended bill as amended and the amended cross-bill and supplemental cross-bill as amended were defaulted and an order of reference was duly entered.

This order of reference finds all the jurisdictional facts as to all the parties concerned in the litigation and refers the cause upon the amended original bill as amended and supplemental cross-bill as amended to the master, with directions to take the evidence in the cause and report the same with his findings of facts and conclusions of law. On May 13, 1933, on the motion of the minor defendants, by their guardian *ad litem,* together with the complainants in the original bill and the appellee, cause No. 34155 was consolidated with this cause and an order entered staying further proceedings in cause No. 34155.

On June 3, 1933, the master in chancery made his report of the evidence taken by him in the cause, together with his finding of facts and conclusions of law, and recommended that a decree of partition be entered in accordance with the prayer of the amended cross-bill and supplemental cross-bill as amended. The complainants in the original amended bill as amended offered no evidence in support of their bill. Mary E. Shaw, one of the appellants here, filed her objections to the master's report, which were overruled by the master, and thereafter, by leave of the court, were filed as exceptions in the circuit court to the master's findings and conclusions. So far as those objections are argued here, the only ones pertinent to the issues are those charging that the master erred in his finding that the cross-complainant was entitled to the relief prayed in the amended and supplemental cross-bill as amended, and that the master should have found that the amended cross-bill and supplemental cross-bill as amended should have been dismissed for want of equity. The exceptions were overruled, a decree was entered for partition and commissioners were appointed.

Numerous errors are assigned upon the record and argued in the brief.

It is earnestly urged by the appellants that the cross-bill was improperly filed in this proceeding in that the an-

swer was filed to the original bill after the cross-bill was filed. An examination of the record shows that both the answer and the cross-bill were filed on the same day. The precise hour on which each pleading was filed is not shown. We can assume that they were filed in their proper sequence in point of time, or at least concurrently, there being no evidence to the contrary. No motion was made by any of the parties to the record in the court below to strike the cross-bill from the files because of any claim that it was filed prior to the answer to the original bill. The parties proceeded to subsequently recognize the amended cross-bill and the supplemental cross-bill, which, so far as the amended cross-bill was concerned, did relate back to the filing of the original cross-bill by pleading to it. It is true that the answer in the regular order of pleading should have been filed before the cross-bill or contemporaneously with it. If the cross-bill is filed prior to the answer it is an irregularity. (10 R. C. L. sec. 266, p. 489.) However, the parties hereto have gone throughout the entire proceeding in the court below without raising the question that the cross-bill was filed prior to the answer and are not now in any position to raise that question here.

The appellants cite *Ragor* v. *Brenock*, 175 Ill. 494, in support of their contention that the cross-bill was improperly filed prior to the answer. In our opinion the *Ragor case* does not sustain the position of the appellants. In that case one of the defendants had not answered the bill but had been defaulted. A party who has been defaulted by reason of his failure to file an answer cannot file a cross-bill as a matter of right. The holding in the *Ragor case* is not inconsistent with our ruling here.

It seems to be now conceded in the record that the beneficiaries under the will of Robert R. Montgomery, by reason of the contingent interests acquired thereby, could not maintain partition in the capacity of beneficiaries under the will. It is the law that a court of equity will not grant

partition in favor of the complainants in violation of conditions and restrictions created by the will or other writing from which the complainants derive their title. (*Heininger* v. *Meissmer*, 261 Ill. 105; *Dee* v. *Dee*, 212 id. 338; *Cox* v. *Johnson*, 242 id. 159.) It is not necessary, however, to the decision of this case, for this court to decide what estates, if any, are in the parties complainant to the original bill, as that question is not properly before us for decision. It is not argued here that because the children of Robert R. Montgomery, deceased, were parties complainant to the original bill and were heirs of Frank R. Shull, deceased, therefore they could maintain the original bill for partition, or the original amended bill as amended for partition, as heirs-at-law of Shull. The bill was not framed upon that theory, and none of the parties complainant in the original amended bill as amended are complaining here of the dismissal of that bill. These appellants not being parties complainant in the original bill or the various amendments thereof are not in a position to complain of the dismissal of that bill and the amendments thereto, not only because they were not parties complainant but also because they severally demurred to the bill, both generally and specially, on the grounds hereinbefore stated. These appellants, excepting Mary E. Shaw, elected to abide by the demurrers and were defaulted. By their demurrers they sought to have the bill dismissed because of the lack of legal right in the complainants to maintain a bill for partition. Later the court did dismiss the original amended bill as amended, thus granting to the appellants, excepting Mary E. Shaw, the same relief as they sought by their demurrer. Mary E. Shaw having answered the amended original bill as amended, waived any right to insist upon her demurrer. *Hawkins* v. *County of Lake*, 303 Ill. 624.

The answer of Mary E. Shaw admits the allegations of the amended bill of complaint as amended. However,

she did not seek leave to become a party complainant in that bill, did not file any cross-bill asking affirmative relief, and is not in a position to jointly assign error with the other appellants on the ruling of the circuit court dismissing the amended original bill as amended. The assignment of errors being joint, only such errors as are common to all the parties assigning error can be considered on such assignment. *Hawkins* v. *County of Lake, supra.*

It is contended by the appellants here that after the filing of the original amended bill, even though the cross-bill was properly filed, the cross-bill had served its purpose, and by reason of the fact that the original amended bill did properly set up the interests of all parties, properly described all the premises and made defendants thereto all necessary and proper parties, thereafter the cross-bill could not longer be maintained, and that by reason of both pleadings being on file an impasse was reached, and that the court should have sustained the demurrer to the amended and supplemental cross-bill as amended and dismissed such cross-bill. This proposition is intriguing but not sound. On a record where the complainant has filed an original bill asking for relief but has not made all necessary parties defendant to his bill, and thereafter a defendant to the bill, having filed an answer, files a cross-bill in which the rights of the parties are correctly alleged and appropriate relief prayed, such original complainant cannot then, by amending his original bill to conform to the allegations of the cross-bill, either paralyze the arm of the court or force his adversary who has filed the cross-bill either to retreat or surrender. The court may proceed on the cross-bill and do complete equity between all the parties. The fact that the complainants amended their bill, bringing necessary parties before the court and correctly describing the property, certainly can be construed in no other way than that their original bill was insufficient, and they could not properly proceed to a decree under it.

Further in reply to the argument that after the filing of the original amended bill the cross-bill was no longer necessary, it can be said that the cross-complainant having by his cross-bill brought all the parties and subject matter of the litigation before the court, there existed no necessity for an amendment to the original bill. The complainant had no rights superior to any of the defendants to bring a bill for partition. The filing of a bill which did not confer jurisdiction of all the parties upon the court did not deprive any interested party defendant from asking for partition by a proper pleading conferring jurisdiction upon the court of the subject matter and all proper parties. This was done by the cross-bill in the case. By the filing of an original bill for partition which was defective in not making defendants all necessary parties the complainants did not acquire the control of the litigation. They could not properly ask the court, nor could the court discriminate against the cross-complainant in the relief sought by the cross-bill, where, as in this case, it was the first pleading in point of time that brought to the court complete jurisdiction of the subject matter as well as the parties to the litigation. *Chalmers* v. *Trent,* 11 Utah, 88, 39 Pac. 488; 47 Corpus Juris, sec. 357, p. 413.

The original bill for partition having improperly described one of the tracts of real estate and having improperly stated the heirship of Frank R. Shull, deceased, and incorrectly stated the undivided interests of the heirs-at-law of Shull in the real estate sought to be partitioned, it was proper for the defendant, Mossberger, to file a cross-bill. An answer did not afford the relief desired. Affirmative relief cannot properly be asked in an answer. Under common law pleading the only relief that can be prayed for by an answer is that the bill be dismissed. Affirmative relief, generally speaking, can only be granted on a cross-bill.

The statute requires that every person having an interest in lands, whether in possession or otherwise, who

is not a petitioner in a partition suit, shall be made a defendant, and the bill must set forth the interests of all the parties so far as the same are known. (Cahill's Stat. 1933, chap. 106, sec. 6, p. 2105; Smith's Stat. 1933, chap. 106, sec. 6, p. 2113; *Brill* v. *Green,* 316 Ill. 583.) The administrator of the Shull estate, that estate not having been fully administered upon and one year not having elapsed since the appointment of the administrator, was a proper party defendant. While the administrator, as such, has no estate in the real estate, yet it may be resorted to by him for the purpose of paying debts in the event of a deficiency in the personal estate. Pending the arrival of the time when it could be determined whether or not the personal property was sufficient to pay the indebtedness of the legal obligations of the Shull estate, such administrator was a proper party to the suit brought for partition. One of the heirs-at-law of Shull was not made a party defendant in the original bill and one of the tracts of land was misdescribed. The suit could not properly proceed under the original bill. The rights of all the parties in respect to the real estate which was the subject matter of the litigation could not be disposed of without determining their interests. In order to do that it was necessary to have Mary E. Shaw a party to the proceeding, otherwise no decree that might be entered by the court would bind her. *Brill* v. *Green, supra; Longshore* v. *Longshore,* 200 Ill. 470; *Hurlbut* v. *Talbot,* 273 id. 299.

The appellee being one of the heirs of Frank R. Shull could maintain partition against the beneficiaries under the Montgomery will notwithstanding the fact that the interest of such beneficiaries might not be definitely ascertained at the time of the filing of the bill, and such determination is postponed until the happening of some future event. *Wells* v. *Dalies,* 318 Ill. 301; *Betz* v. *Farling,* 274 id. 107; *Hill* v. *Sangamon Loan Co.* 302 id. 33.

Complete justice could not be done to all the parties, owners of the real estate sought to be partitioned, on the original bill and an answer thereto. A cross-bill was therefore proper. (16 Cyc. 325.) It is permissible to bring in by cross-bill persons who are not defendants to the original bill of partition, whether interested as claimants of an adverse interest or otherwise. (47 Corpus Juris, sec. 357, p. 413; *Hurd* v. *Case,* 32 Ill. 45; 5 Ency. of Pl. & Pr. p. 648.) The cross-bill was germane to the relief sought by the original bill and was properly filed. *Brill* v. *Green, supra; Longshore* v. *Longshore, supra; Hurlbut* v. *Talbot, supra.*

The amended cross-bill and supplemental cross-bill was also properly filed. By it all parties in possession of the premises were made defendants. There had been changes in possession of some of the premises subsequent to the filing of the cross-bill. The new administrators of the Shull estate were made defendants, and it was alleged that said estate was closed and the debts paid. It is very necessary in partition suits that all parties in possession of the premises be made defendants, so that if they have rights other than those of tenants such interests may be judicially ascertained, and if they are tenants, merely, the terms of their leases may be determined and a full adjudication reached. This is essential both for the protection of the property owners, the purchaser at the sale if there is a sale, and the tenants. It is important, also, for another reason that such parties be made defendants. The law of this State is that possession of real estate by parties is notice that they have some rights in the premises. If they hold under a non-recorded deed or other instrument, the fact that they are in possession is as complete and legal notice as though such instrument were duly recorded in the proper office. One dealing with real estate in the possession of another does so with full notice of every fact that can be ascertained by inquiry on the premises as to the nature

of the rights of such parties in possession. *Mauvaisterre Drainage District* v. *Frank,* 313 Ill. 431; *Slinger* v. *Sterrett,* 283 id. 82.

It is also urged that inasmuch as the original amended bill was filed on the second of April, 1931, and the answer of the appellee was not filed to the amended bill at the time leave was given to file the amended and supplemental cross-bill, therefore the amended and supplemental cross-bill was improperly filed. It is a sufficient answer to this claim that the trial court's attention was not called to that fact so far as this record discloses, and no objection was made, so far as this record shows, to the filing of the amended and supplemental cross-bill. The appellee did eventually answer the amended original bill as amended. No injustice or hardship was done any of the parties by the delay in answering the amended original bill as amended, and the appellants cannot here be heard to now complain of the fact that the original answer to the original bill was not extended to the amended original bill or a new answer filed thereto. The appellants demurred to the amended cross-bill and the supplemental cross-bill as amended, both generally and specially. They did not assign as ground of special demurrer that the appellee had not answered the original amended bill at the time of the filing of his amended supplemental cross-bill. Their contention on this point is without merit.

It is next urged that no guardian *ad litem* under the original bill and the various amendments thereto was appointed for the minor defendants, or any trustee for such unborn persons, if any, as might have a contingent or future interest in the premises; that a guardian *ad litem* was only appointed upon the amended and supplemental cross-bill as amended and a trustee appointed only under this last named pleading; that it was therefore error for the court to proceed to refer the cause to the master in chancery and to proceed to a decree in the case. We have

examined the record in this case. The order of reference in this cause is entitled by its appropriate number, the title of the case sets forth in detail the names of all of the parties complainant and the names of all the parties defendant in the amended original bill as amended, and sets forth the name of the cross-complainant in the amended and supplemental cross-bill as amended and all the defendants thereto. That order recites, in substance, that the court has examined all the matters of record in the cause, the files of the court and has received and heard evidence in open court. The order later recites that it appeared to the court that certain defendants to the amended original bill and also the amended and supplemental cross-bill are minors; that Lee Boland, an attorney of the Macon county bar, was by the court appointed as guardian *ad litem* in this *cause* for the minor defendants, and it further appearing to the court that a certain person or persons not now in being may become entitled to a future interest in this *cause* under the provisions of the last will and testament of Robert R. Montgomery, deceased, as issue of and naming the four children of Montgomery, the court did appoint Lee Boland, a competent and disinterested person, as trustee of the interests of such person or persons not in being, to appear for and represent in such *cause* such future interests and to defend this suit for and on behalf of such person or persons not in being. It not only appears that a guardian *ad litem* was appointed for all minor defendants as defendants under the doctrine of representation, (*Easton* v. *Hall,* 323 Ill. 397; *Mortimore* v. *Bashore,* 317 id. 535; *Wolf* v. *Uhlemann,* 325 id. 165;) but that the court appointed a competent and disinterested person as trustee to represent the interests of such person or persons not in being who might have some interest in the subject matter of the litigation, to represent him or them in this cause under the authority of section 6 of the Chancery act. (Cahill's Stat. 1933, p. 226; Smith's Stat. 1933, p. 251.)

The record further shows that such guardian *ad litem* and trustee did not discharge his duties perfunctorily but took an active interest in the proceeding and ably protected the interest of his wards.

We have before referred to the filing of the original bill in cause No. 34155. An examination of that bill discloses that it is for all practical purposes the same as the amended and supplemental cross-bill as amended in the case at bar. It was filed long after the amended and supplemental cross-bill as amended. All of the parties in cause No. 34155 were defendants to the amended and supplemental cross-bill as amended, and the court had acquired jurisdiction over them in that proceeding before the filing of the bill in cause No. 34155. The usual rule in equity proceedings where there is another suit pending between the same parties and the subject matter of the litigation is the same and the same relief is sought, is that a plea in abatement or of another suit pending can be pleaded in such a situation. But in partition the rule is different. Section 21 of the Abatement act provides, in substance, that no plea in abatement shall be received or considered in any suit for partition. Two decrees for partition could not be entered where the parties to the record are the same and the subject matter is the same. It was proper for the court to consolidate the two causes and stay the proceedings in cause No. 34155, and thereby speedily grant the relief sought by proceeding in the one cause. *Kellner* v. *Finkl,* 288 Ill. 451.

The appellants have not undertaken to point out in this proceeding any injustice done them by the decree in the determination and fixing of their rights in the premises which were the subject matter of the litigation. By their bill filed in cause No. 34155 they have asked for precisely the same relief which has been given them by the decree in the instant case. They are therefore in no position to complain of the decree in this cause.

The circuit court did not err in dismissing the bill in cause No. 34155, nor did it err in dismissing the original bill and the amended original bill as amended in this cause.

The decree of the circuit court did substantial justice between all of the parties. It is correct, and should be, and is, affirmed.

*Decree affirmed.*