Oziah Finley et al., Appellees, v. Elsie Rowand et al., Defendants. T. Whittier Taylor, Defendant in Cross Complaint and Samuel V. Jinkins, Appellant.

**Gen. No. 9,173.**

Opinion filed April 24, 1939.

RALPH M. JINKINS and SAMUEL V. JINKINS, both of Danville, for appellant.

COLFAX T. MARTIN, of Danville, for appellees.

MR. JUSTICE FULTON delivered the opinion of the court.

Ezra G. Finley, a resident of Vermilion county, died on the 14th day of January, A. D. 1914, testate. His last will and testament was duly proved, admitted to probate and filed for record in the probate court of said county. By the terms of his will, he directed that his wife, Martha E. Finley, hold the same for her sole use and benefit for and during the period of her natural life. The will further provided that upon her

death the estate be divided share and share alike among his eight children. Martha E. Finley became deceased on January 30, 1934. The eight children and sole and only heirs-at-law of Ezra G. Finley were the following: Armilda Witherspoon, sometimes known as Milda Witherspoon, James M. Finley, Oliver Finley, Oziah Finley, Fannie Talbott, John Finley, Elmore Finley and Henry Finley. On August 19, 1936, Armilda Witherspoon died intestate leaving Elsie Rowand and Gertrude Taylor, daughters, Clyde Witherspoon, a son, and Fred C. McDavid, a grandson, as her sole and only heirs-at-law. Clyde Witherspoon was duly appointed administrator of the estate of his mother, which was settled in the probate court of Vermilion county.

In order to pay the indebtedness of the Armilda Witherspoon estate, it became necessary to file a petition for leave to sell her undivided one-eighth interest in the real estate owned by her father, Ezra G. Finley, at the time of his death. Upon the sale of the same the appellant Samuel V. Jinkins purchased the said one-eighth interest and received an administrator's deed therefor on the 6th day of December, A. D. 1937.

On the 26th day of November, A. D. 1937, the seven living children of Ezra G. Finley filed a complaint for partition in the circuit court of Vermilion county seeking the division and partition of 80 acres of land owned by the said Ezra G. Finley. The administrator of the estate of Armilda Witherspoon, deceased, her children and heirs-at-law, and Samuel V. Jinkins were made parties defendant to the complaint filed. On the 6th day of December, A. D. 1937, the same day he received his administrator's deed, Samuel V. Jinkins filed his answer to the complaint and also a cross complaint making one T. Whittier Taylor an additional party defendant. On December 17, 1937, the said T. Whittier Taylor filed his written entry of appearance and an

answer to the cross complaint stating that he was a tenant of the East 40 acres of the land in question and that his lease would expire on the last day of February, A. D. 1938. On the same date the plaintiffs filed an amendment to the complaint setting forth specifically that they were each the owner of an undivided one-eighth interest in the real estate sought to be partitioned and that the defendant Samuel V. Jinkins, appellant herein, was the owner of the other undivided one-eighth interest. Also on said date the plaintiffs in the cause filed a motion to dismiss the cross complaint and to make T. Whittier Taylor an additional party defendant. On April 2, 1938, the appellant, Samuel V. Jinkins, filed a motion to strike the motion to dismiss cross complaint and a further motion to strike the amendment to the complaint. Upon hearing of said motions the court denied the motion to strike the amendment to the complaint, denied the motion to strike the motion to dismiss the cross complaint, and granted the motion of the appellees to strike the cross complaint. On the 9th day of April, A. D. 1938, a further hearing on the merits of the case was held and after the testimony was heard the court entered a decree of partition on the complaint and the amendment to the complaint filed herein. The decree for partition found the rights and interests of the parties, described the real estate and appointed commissioners directing them to make the division and partition of the said real estate. It is this decree which the appellant, Samuel V. Jinkins, seeks to reverse by this appeal.

Appellants principal complaint is that in a partition suit where the original complaint fails to name all the necessary parties or to properly describe their interests, and a cross complaint is filed which does name all the necessary parties and properly describes their interests, a decree should be entered on the cross complaint. In support of his contention he relies largely

upon the cases of *Winemiller v. Mossberger*, 355 Ill. 145, and *Jones v. Taylor*, 261 Ill. App. 403.

In the *Winemiller* case the pleadings were extensive and covered a long period of time. In that case the amended bill was filed long after the amended and supplemental cross-bill. The original bill failed to name all the necessary parties, such as one of the heirs-at-law and owners of undivided interests in the land sought to be partitioned. One of the tracts of land was improperly described and the bill defective in other particulars. In such case it was necessary for the interested parties to file a cross-bill setting up the rights of the parties correctly and to properly describe the real estate in question. The burden of the litigation was caused by reason of the errors appearing in the original bill filed. Under such circumstances it was held that the court properly proceeded with the partition under the cross-bill even though the original bill was afterwards amended so as to properly name the parties and their interests.

In the *Jones* case, the court also held that the decree of partition should have been granted upon the cross-bill and not upon the original bill because the latter was defective and accountable for the burden of the litigation.

In this case the allegations of the complaint were somewhat scant but they did set forth, in effect, that the seven plaintiffs were each the owners of an undivided one-eighth interest in the real estate and that the estate of their sister, Armilda Witherspoon, was the owner of the other undivided one-eighth interest. Samuel V. Jinkins was made a party defendant, although at the time the complaint was filed he had not yet received the administrator's deed which conveyed the interest of the Witherspoon estate to him as the purchaser of the premises at the sale of real estate to pay debts.

The appellant also complains that T. Whittier Taylor, being a tenant of a portion of the real estate, was a necessary party and a complete decree for partition could not be entered until his rights as a tenant were adjusted. However, the oral testimony of Oziah Finley states that he rented the premises to T. Whittier Taylor with the understanding that as soon as the crop was harvested the lease expired; that said tenant's crop was completely harvested at the time the suit was filed. No contradiction of this proof was introduced in evidence by Taylor or the appellant upon the hearing of the cause. Under such circumstances, T. Whittier Taylor was not a necessary party to the partition suit.

The trial court elected to proceed upon the original complaint and the amendment thereto. The rights of all of the parties including those of the appellant were accurately and completely set forth in the decree. We are of the opinion that the court did substantial justice between all of the parties and that the appellant was not injured in any particular by the entry of the decree. While his cross complaint did set up the rights of the parties more specifically and more in detail than the allegations of the original complaint still no necessary party was omitted and the rights of the parties were not in any manner changed from those set forth in the original complaint.

For the reasons advanced the decree of the lower court is hereby affirmed.

*Affirmed.*